# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH A. CAMP, | ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 11-0996-CV-W-DW-P |
| BILL RAYMOND, | ) ) |
| Defendant. | ) ) |

**ORDER DIRECTING THE AGENCY HAVING CUSTODY OF PLAINTIFF TO COLLECT AND FORWARD THE REMAINDER OF THE $350.00 FILING FEE AND DISMISSING CASE**

Plaintiff, who is incarcerated at the Corrections Corporation of America in Leavenworth, Kansas, has filed pro se this civil action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking relief for alleged violations of his federally protected rights. Plaintiff has been granted leave to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(b)(1), has paid the initial partial filing fee of $7.00. Pursuant to 28 U.S.C. § 1915(b)(2), the agency having custody of plaintiff will be required to forward to the Clerk of the Court monthly payments of 20 percent of the preceding month's income credited to plaintiff's inmate account each time the amount in that account exceeds $10.00 until the balance of the $350.00 filing fee is paid ($343.00).

Even though plaintiff has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), the Court shall dismiss the case "if satisfied that the action is frivolous, malicious, fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). An action is legally

"frivolous" within the meaning of Section 1915 if it "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In his complaint, plaintiff names Assistant Federal Public Defender Bill Raymond as the sole defendant and seeks monetary damages and injunctive relief based on Raymond's alleged ineffective assistance of counsel during plaintiff's pending federal criminal prosecution in United States v. Joseph A. Camp, Case No. 10-00318-01-CR-W-ODS. Plaintiff contends, among other things, that defendant has failed to provide him with discovery materials, to allow plaintiff to confront witnesses and evidence against him, and to protect plaintiff's right to a speedy trial.

In order for this Court to have jurisdiction to grant relief under Bivens, it is essential that the acts of the defendants be under color of federal law. Lack of jurisdiction cannot be waived by the parties or ignored by the Court. The Court must decline to proceed if jurisdiction is lacking. Roberson v. Harris, 393 F.2d 123 (8th Cir. 1968).

The Supreme Court has held that a public defender does not act under color of state law for purposes of a civil rights action under 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 320-21 (1981). See also Dunn v. Hackworth, 628 F.2d 1111 (8th Cir. 1980) (per curiam). "By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a Bivens-type action." Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam); see also Christian v. Crawford, 907 F. 2d 808, 810 (8th Cir. 1990). Because the essential jurisdictional requirement of acting under color of federal law is absent in this claim, the Court is without jurisdiction to entertain plaintiff's Bivens claim against defendants, and this case will be dismissed.

As to plaintiff's injunctive and declaratory relief requests, plaintiff must pursue his challenge to his continued confinement in his federal criminal proceeding or in a petition for writ of habeas

2

corpus pursuant to 28 U.S.C. § 2241.  Cf. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (the sole remedy for a state prisoner challenging the very fact or duration of his incarceration and seeking a speedier release is a writ of habeas corpus and not an action under Section 1983).  Plaintiff, moreover, cannot disrupt or delay his federal criminal proceeding by filing this civil rights action.  Rather, he must present his speedy trial, due process, and any other arguments in his criminal case and preserve any issues on which he does not prevail in the district court for appeal to the United States Court of Appeals for the Eighth Circuit or for presentation in a motion pursuant to 28 U.S.C. § 2255.

In addition to the $350.00 filing fee, federal law now "makes prisoners responsible for [appellate filing fees of $455.00] the moment the prisoner . . . files an appeal.'"  Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted).  Pursuant to Henderson, plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full [$455] appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Id. at 484.

Accordingly, it is **ORDERED** that :

(1) the agency having custody of plaintiff shall forward to the Clerk of the Court monthly payments of 20 percent of the preceding month's income credited to plaintiff's account each time

3

the amount in the account exceeds $10 until the remainder of the $350.00 filing fee ($343.00) is paid:

(2) this case is dismissed for lack of jurisdiction; and

(3) the Clerk of the Court is directed to mail plaintiff a complete set of federal habeas corpus forms for filing a petition pursuant to 28 U.S.C. § 2255 if plaintiff seeks to challenge the fact or duration of his federal confinement.

 /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:　November 28, 2011　.

4

Case 4:11-cv-00996-DW   Document 12   Filed 11/28/11   Page 4 of 4